MOYSES R. SIMMONS *vs.* GEORGE C. BROOKS & another.

Suffolk.   March 17, 20, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Exceptions — Inferences of Fact.*

At the trial, without a jury, of an action, the plaintiff was the only witness, and at the conclusion of his testimony the judge found for the defendants. When the case came on for argument in this court, it was suggested that the bill of exceptions raised no question of law, and an opportunity was given to obtain an amendment of the exceptions from the judge who tried the case. The concluding part of the bill of exceptions, as amended, was as follows: " The court, assuming the plaintiff was a credible witness, found on the evidence for the defendants, and directed judgment to be entered for them. To this the plaintiff duly excepted." *Held,* that no error of law appeared in the exceptions.

CONTRACT, against George C. Brooks and Richard G. Elkins, copartners under the firm name of George C. Brooks and Company, to recover the value of one thousand shares of the stock of the Standard Coal and Fuel Company, alleged to have been delivered by the plaintiff to the defendants, and sold by them. Trial in the Superior Court, without a jury, before *Thompson, J.,* who found and ordered judgment for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*R. M. Morse, (J. F. Simmons* with him,) for the plaintiff.

*C. W. Bartlett & W. C. Loring,* for the defendants.

FIELD, C. J.   This case was tried without a jury; the plaintiff was the only witness, and, at the conclusion of his testimony, the presiding justice found for the defendants. When the case came on for argument in this court, it was suggested that the bill of exceptions raised no question of law, and an opportunity was given to the plaintiff's counsel to obtain an amendment of the exceptions from the justice who tried the case. The concluding part of the bill of exceptions, as amended, is as follows: " The court, assuming the plaintiff was a credible witness, found on the evidence for the defendants, and directed judgment to be entered for them. To this the plaintiff duly excepted," etc. The unsatisfactory character of this statement was noticed at the argument. If there had been any ruling upon any question

of law to which the plaintiff excepted, it should have been made to appear. If the justice did not believe the witness, or if, believing him generally, he drew inferences of fact from the testimony which were fatal to the plaintiff's case, some statement to this effect should have been made. Taking the exceptions as they stand, however, we think it appears that the justice found for the defendants on the evidence, and did not rule against the plaintiff on any question of law. The phrase, "assuming the plaintiff was a credible witness," is not, we think, to be taken to mean that every scintilla of his testimony is true, and there are certain inferences of fact necessary to the plaintiff's case which the justice might well refuse to draw from it, even although he regarded the plaintiff as a truthful witness.

The plaintiff had pool receipts and not certificates of stock. It was open to the justice to find that, although the plaintiff testified that he told Elkins that it was "pooled stock," Elkins did not so understand, but thought that it was the stock which was bought and sold on the stock exchange. The justice might have found also that the defendants sold it as stock, and that the purchasers declined to accept it because it was not stock, but " pooled stock," and that the defendants having produced at the trial the ten pool receipts which the plaintiff delivered to them, it appeared that none of it had been sold and delivered by the defendants and the money received for it. It is probable, on the face of the plaintiff's testimony, that the real difficulty between the parties, if they were honest, was that the defendants were negotiating with reference to certificates of stock which had a market value on the exchange, while the plaintiff had only receipts for such stock as had been put into a selling pool to be held there until December 1, 1891, unless previously sold by the trustees of the pool at a price not less than twenty dollars per share.

We are of opinion that no error of law appears in the exceptions.                                    *Exceptions overruled.*\*

---

\* The plaintiff testified that, on January 30, 1891, he had one thousand shares of Standard Coal and Fuel stock, and asked the defendants to sell it for him for not less than $25 a share; that the defendant Elkins said he could do it, and asked the plaintiff to bring them the stock; that on the same day

the plaintiff delivered the one thousand shares to Elkins, receiving a receipt therefor; that he then explained to Elkins that it was "pooled stock"; that on the next day he saw Elkins, who asked him to change the stock into one hundred share lots, as the parties to whom he had to deliver it wanted it in that shape; that he had previously received written notice from the defendants that they had sold the stock for him; that afterwards he delivered to the defendants ten receipts, which were produced at the trial by the defendants, worded as follows: "This is to certify that" A. "is the owner of one hundred shares of the capital stock of the Standard Coal and Fuel Company, and has deposited the same in trust, to be held until December 1st, 1891, the termination of said trust, unless sold, said stock having been put into the selling pool to be sold at a price not less than twenty dollars per share"; and that, two days later, the defendants told the plaintiff that they could not deliver the stock.